IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

Plaintiff, No. CIV S-06-0453 GEB GGH P

vs.

KNOWLES, et al.,

Defendants. ORDER

_________________________________/

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names more than 60 defendants in a 90-page complaint, apparently encompassing the entire period of his incarceration since 1994, in some instances stating that he

has previously brought the same allegations against the same defendants in a prior action. As to one of those cases, plaintiff claims that the action was dismissed for his failure to exhaust administrative remedies. In another instance, he does not set forth the disposition of his prior allegations which he appears to be duplicating herein, which, on the face of it, would appear to be violative of the principles of res judicata.[1] In addition, some claims brought by plaintiff are plainly Heck-barred.[2] He purports to bring his complaint in part on behalf of third parties, for which he lacks standing, see infra. Moreover, while the court will not dismiss claims on the basis that plaintiff has violated the statute of limitations as that is an affirmative defense which must be raised by defendants or waived, some of plaintiff's claims, which appear to arise from incidents that occurred as far back as 12 years, are patently time-barred.

The chief defect of the complaint is that it is wholly violative of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Rule 8 requires "sufficient allegations to

---

[1] Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir. 1995). The doctrine of res judicata encompasses two concepts: issue preclusion and claim preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Dodd, 59 F.3d at 863. The doctrine of res judicata is applicable to § 1983 actions. Clark v. Yosemite Community College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983).

[2] Heck v. Humphrey, 512 U.S. 477, 486,114 S. Ct. 2364, 2372 (1994), bars claims for damages in civil rights actions under 42 U.S.C. § 1983 before the allegedly unconstitutional criminal conviction or sentence has been invalidated, expunged or reversed. Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry , 84 F.3d at 1179-80.[3] This action will be dismissed but plaintiff will be granted leave to amend.

In addition, plaintiff, as a form of relief, seeks to have the court certify this

---

[3] The court takes judicial notice that, of the three prior federal cases which he identifies as having previously brought at the outset of the instant complaint, in two of them plaintiff's complaints have been dismissed for having violated Fed. R. Civ. P. 8. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)). In Case No. 03-0394 DFL PAN, plaintiff's action was dismissed "for plaintiff's repeated disobedience of an order to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure." See Order, filed on 8/13/04, p. 2. In Case No. 05-2520, an action that is still pending, plaintiff's original complaint was dismissed, with leave to amend, "[b]ecause plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2)...." See Order, filed on 2/27/06, p. 3. His amended complaint in that action was subsequently dismissed, with leave to file a second amended complaint, at least in part for his failure, once again, to provide "a short and plain statement of [his] claim" in compliance with Fed. R. Civ. P. 8. See Order, filed on 5/26/06, p. 3.

complaint as a class action. Form Complaint, p. 3. Plaintiff, however, never filed any motion pursuant to Fed. R. Civ. P. 23. Moreover, plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954). Therefore, plaintiff can bring this action only on his own behalf. This action will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff. Thus, to the extent plaintiff makes allegations on the part of third parties, he lacks standing to do so. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). The complaint will be dismissed with plaintiff granted leave to amend.

Plaintiff begins, in what is essentially a biographical narrative, by mentioning his history as a peace officer and military policeman, prior to his 1993 allegedly wrongful conviction as a first-time sex offender, and providing the irrelevant, for the purposes of this action, details thereto. Complaint, p. 5. His allegations stretch as far back to include as a defendant, Steve White, the Sacramento County District Attorney who "supervised plaintiff's illegal prosecution from 11/92 to 11/94." Id., p. 8. Another defendant he names, among the litany of parties, is a

former state senator, John Vasconcellos, who was a vice-chairman of the Senate Public Safety Committee overseeing California's prison system. Id.

In an excerpt from his vague and broad-sweeping cacophony of allegations, plaintiff sets forth the following:

> Plaintiff believes and thereon alleges that defendants–while acting under color of law and/or other authority in their individual and official capacities– transgressed their passive and active duties by and while causing and/or allowing plaintiff to suffer repeated violations of his substantive rights, his procedural rights, his rights in rem, his rights in personam, his rights under statutory and administrative law (e.g., the California Penal Code) ["P.C."], and Title 15 of the California Code of Regulations, Division 3 ["CCR 15"]), and his rights under the U. S. Constitution's 1st, 4th, 5th 8th, and 14th Amendments, as well as various federal statutes (e.g., 5 U.S.C. § 552a, 29 U.S.C. § 794, 42 U.S.C. § 12101[,] et seq., etc.), during a continuous campaign of conspiratorial harassment, retaliation, oppression, deliberate indifference, and other misconduct maliciously intended to chill, infringe upon, and/or otherwise violate the civil rights of plaintiff and his associates.

Complaint, p. 9.

As noted, plaintiff's allegations stretch back as far as 1994 (and further back including his allegations against the District Attorney at the time of his prosecution). Plaintiff refers to callous behavior on the part of defendant Walker in 1994 when plaintiff tried to report having been raped and brutalized and threatened with murder by a cellmate; defendant Walker evidently referred to his plight as sounding like "a lover's quarrel." Id., p. 11. In 1996, defendants Walker and Vance assessed a 90 day credit loss to plaintiff, charging him with mutual combat, when plaintiff was unfairly found guilty of mutual combat, even though the inmate who had attacked him had been found guilty of assault and battery on plaintiff. Id.,

In March of 1996, plaintiff was placed in the Enhanced Outpatient Program (EOP) for Post-Traumatic Stress Disorder (PTSD), a condition he suffered due to the violent treatment to which he had been subjected in 1994. Instead, however, a guard name Krogh (apparently not a defendant) harassed and threatened plaintiff, on April 24, 1996, to keep him from discussing, or attempting to have prosecuted, a prisoner who had beaten and raped plaintiff prosecuted. Id.

Plaintiff recounts that in 1997, he was stopped by an unnamed guard from continuing to provide First Aid to a convulsing inmate who later died of heat stroke. Id., p. 12. In 2002, plaintiff alleges that he was placed in "punitive segregation," for having exercised his First Amendment rights by filing a civil rights action against Mule Creek State Prison (MCSP) staff, including defendants Hickman and Knowles. Complaint, p. 13. That action was dismissed for failure to exhaust administrative remedies due to an unnamed guard's perjury. Id.

Plaintiff discusses, inter alia, his mother's June, 2002, testimony at a senate committee hearing in opposition to the confirmation of defendant Knowles as warden at MCSP, and his own suicide attempt on Feb. 18, 2003. Id. Plaintiff references another civil rights lawsuit he brought against nine (9) of the defendants herein (it is unclear whether this a different one from the one just mentioned against MCSP staff). Id., at 14. Plaintiff alleges that he suffered a retaliatory transfer from MCSP on April 29, 2003. Id. Defendant Martel then threatened plaintiff that he would be double-celled or transferred away from loved ones, despite plaintiff's mental health needs; defendants Pliler and Stratton assured plaintiff that he would not be transferred and could be single-celled. Id. Plaintiff was made to suffer emotional distress on May 9, 2003, when a black homosexual inmate indicated his attraction to plaintiff, saying that staff had recommended plaintiff as a cell partner. Id., at 15. Staff at CSP-Sac somehow knew of a confidential letter he wrote to defendant White about placards that were not posted telling prisoners to report staff misconduct to the state Inspector General's Office. Id.

Plaintiff then embarks on a series of allegations against large groups of defendants, wherein he alleges, for example, that certain defendants did not provide him back-up copies for grievances he needed to send out as confidential mail, stating that in failing to do so that the defendants were not in compliance with prison regulations. Complaint, pp. 16-17. He complains against a set of defendants about the method of processing prison grievances. Id., at 17. Plaintiff alleges that in May, 2003, defendant Till refused to refund his mother $3.25 for food from the prison visiting center vending machine she bought for plaintiff that was spoiled,

nor did defendants Hurdle, Presley, Gray and Vasconcellos respond when he wrote them about the incident. Id., at 18. Plaintiff continues in this vein, listing grievance after grievance, failing to set forth, or to adequately present, any constitutional deprivation. Some of plaintiff's claims in his long and rambling series of disjointed allegations may be cognizable under 42 U.S.C. § 1983, but it is not the function of this court to attempt to ferret them out from a complaint so plainly violative of Rule 8 of the Federal Rules of Civil Procedure on its face.

Regarding plaintiff's claims as to the processing of his grievances, plaintiff should be aware that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[4]

[4] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222,

Should plaintiff seek to file an amended complaint, he must be mindful that in order to state a retaliation claim, he must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

To state a claim of conspiracy, plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).

With respect to any claims against defendants regarding the prosecution of his criminal case, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope,

---

110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Because of plaintiff's demonstrated propensity for non-compliance with the requirements of Rule 8 of the Federal Rules of Civil Procedure (see footnote 2), this court will now limit any amended complaint in this action to no more than twenty (20) pages, not including any exhibits. The number of pages of any exhibits he may seek to include should not exceed an

additional 15 pages. Failure to comply with these requirements will result in a recommendation of dismissal of this action for plaintiff's failure to comply with a court order. See Fed. R. Civ. P. 41(b); E.D. Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. The body, or allegations of the amended complaint must not exceed 20 pages; plaintiff may include up to an additional 15 pages of exhibits. Failure to file an amended complaint in strict compliance with these requirements will result in a recommendation that the action be dismissed for failure to comply with a court order. Failure to file any amended complaint at all will also result in a recommendation of dismissal.

DATED: 6/23/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
knap0453.b