IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY K'NAPP,

    Plaintiff,                        No. CIV S-06-0453 GEB GGH P

    vs.

KNOWLES, et al.,                    ORDER &

    Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed June 23, 2006, plaintiff's complaint was dismissed largely because it violated Fed. R. Civ. P. 8.  Plaintiff was granted leave to file an amended complaint but was, inter alia, specifically directed to file an amended complaint not to exceed 20 pages with up to an additional 15 pages of exhibits.  Plaintiff was cautioned that failure to file an amended complaint in strict compliance with those requirements would result in a recommendation that the action be dismissed for failure to comply with a court order.  See, Order, filed on 6/23/06, p. 11.  Nevertheless, plaintiff filed, on July 13, 2006, an amended complaint of no less than 50 pages.  The court could simply dismiss this action for plaintiff's failure to comply with a court order (see Fed. R. Civ. P. 41(b); E.D. Local Rule 11-110); however, before the undersigned issued an order with regard to the patently defective first

1

amended complaint, plaintiff sought to file a second amended complaint, in an apparent belated effort to comply with the court's order.  Although plaintiff was granted leave only to file an initial amended complaint, the court will not recommend dismissal based on plaintiff's non-compliance with a court order in the filing of the first amended complaint, but will instead strike the first amended complaint and grant plaintiff permission to file the second amended complaint, deemed filed, nunc pro tunc, on December 7, 2006, and proceed to screen that filing.

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Although plaintiff has crammed his disparate and wide-ranging allegations onto 18 pages, he persists in naming more than 60 defendants, listing dozens of names as responsible for various misdeeds, which are set forth in a largely conclusory fashion, without a sufficient factual predicate. Plaintiff once again unnecessarily sets forth his problems since the inception of the entire period of his incarceration since 1994. He sets forth allegations only to inform the court that the referenced allegations are at issue in another complaint, not the instant one. It remains unclear, therefore, whether plaintiff herein has previously brought some of the same allegations against the same defendants in a prior action, which would render them duplicative.

Plaintiff continues to seek to bring this action as a class action, notwithstanding that he was informed in the prior order that, as a non-lawyer proceeding without counsel, it is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). See Order, filed on 6/23/06, p. 5. Plaintiff was informed that this rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954). Plaintiff was also told that he could bring this action only on his own behalf and that it would be construed only as an individual civil suit brought by plaintiff.

\\\\\

Notwithstanding, plaintiff persists in attempting to bring allegations on behalf of "his associates" or on behalf of his mother, even though he was informed that he lacks standing to bring claims on behalf of third parties. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).

Plaintiff complains about a vast litany of discomforts and inconveniences: visiting rooms being cold and uncomfortable; his mother not having received reimbursement when she used a prison vending machine and got spoiled food; his mother being told she could not greet another inmate's mother in the visiting room; his being "capriciously harassed" about a gold ring his fiancee had given him; all without providing an adequate factual predicate, and without demonstrating that any of these actions, that is, those for which he might have standing, constitute a constitutional deprivation.  SAC, pp. 9, 12-14.

An example of a claim that appears to be patently frivolous:

> On 2/7/04, Alameida, Cate, Chastain, Des Voignes, Fallon, Grannis, Gray, Hall, Hickman, Hill, Hurdle, Kimbrell, Knowles, Manuel, Martel, Mitchell, Moreno, Peters, Presley, Rimmer, Stratton, Till, Vasconcellos, Waslielewski, White & Woodford jointly caused Till to violate CDCR regulations by unlawfully refusing to provide plaintiff and plaintiff's fiancee with a pencil and sheet of notebook paper and then interrupting the privacy of their visit for no legitimate or otherwise permitted reason.

SAC, p. 14.  It is fruitless and counter-productive to attempt to implicate wholly unrelated individuals in conduct apparently engaged in by one individual, particularly conduct, which, on the face of it, does not rise to the level of a constitutional deprivation.  He continually seeks to implicate individuals for conduct wholly unrelated to them, as he was cautioned not to do.

> His allegations stretch as far back to include as a defendant, Steve White, the Sacramento County District Attorney who "supervised plaintiff's illegal prosecution from 11/92 to 11/94." Id., p. 8. Another defendant he names, among the litany of parties, is a former state senator, John Vasconcellos, who was a vice-chairman

4

of the Senate Public Safety Committee overseeing California's
prison system. Id.

See Order, filed on 6/23/06, pp. 5-6.

Plaintiff has not sought to rectify that level of defect herein. Plaintiff also continues to seek to implicate large numbers of defendants for their allegedly retaliatory conduct or for the manner in which his grievances were processed. He claims to have been subjected to false disciplinary charges and falsified records, without specifying any of the relevant circumstances or often without stating which defendant was responsible for which action.

Despite the largely superfluous history of his incarceration and litigation that he provides, plaintiff states that the conduct which he seeks to implicate herein arose during the period "from 4/29/03 to 2/20/04" while plaintiff was incarcerated at California State Prison - Sacramento (CSP-SAC). Second Amended Complaint (SAC), p. 4. Evidently, it is plaintiff's aim to set forth each and every perceived inconvenience to which he or anyone he knows was subjected during that period.

Plaintiff sets forth the following:

> Upon plaintiff's arrival at SAC on 4/29/03, he, his activist mother, and their respective associates both in and out of prison lawfully continued exercising protected rights under the U.S. Constitution's 1st Amendment by speaking freely, peaceably associating and assembling, and accessing available press, media, government officials, and courts to report, seek redress of, and otherwise publicly expose and denounce injustice, oppression, neglect, and other related abuse of CDCR prisoners, particularly of plaintiff at SAC.
>
> In direct relation to the above protected exercise by plaintiff, his activist mother, and their respective associates both in and out of prison, defendants caused and/or allowed (hereafter only "caused" shall be used inclusive of "allowed" where applicable) plaintiff and the associates of plaintiff and his mother both in and out of prison to suffer a continuous campaign of retaliatory oppression which did not advance legitimate constitutionally protected rights by subjecting plaintiff to intentional harms such as mental anguish, emotional distress, and physical injury (e.g., when crushed ampules of liquid ammonia were shoved deep into his nose and left there for several minutes as he lack comatose in shackles 2 days before

5

> suffering retaliatory transfer 400 miles away in deliberate indifference of [sic] his known mental condition and prescribed treatment and therapy needs less than 10 months after arriving at SAC).

SAC, p. 6.

   The allegation with regard to having ammonia ampules thrust into his nostrils comes closest to setting forth a colorable claim, at least with regard to himself (clearly plaintiff has no standing with regard to purported generalized allegations made on behalf of "associates" or his mother). However, when it comes to naming the responsible defendants or setting forth the relevant circumstances, plaintiff states the following:

> On 2/18/04, Alameida, Campbell, Cate, Chastain, Doe-1, Fallon, Grannis, Gray, Greer, Hickman, Hurdle, Kanan, Kearns, Kimbrell, Knowles, Mejia, Mitchell, O'Brian, Ortiz, Presley, Rimmer, Stratton, Tennison, Vasconcellos, Wasielewski, White & Woodford jointly caused plaintiff to suffer another severe episode of stress-induced dissociative unconsciousness (see above, Count 4c), and then Baughman, Doe-2, Doe-3, & Martel to get away with jointly causing plaintiff while thus essentially comatose to be illegally shackled in mechanical restrains and then have crushed ampules of liquid ammonia shoved deep into both his nostrils and left there for several minutes.

SAC, p. 14.

   The cross-referenced Count 4c states only: "On 1/8/04, plaintiff suffered a severe episode of stress-induced disassociation which Tennison refused to let be documented by responding staff even though he himself had been so concerned upon observing plaintiff's condition that he immediately summoned a mental-health doctor." SAC, p. 13. In general, plaintiff simply does not set forth the circumstances of his allegations with sufficient specificity or adequately link the allegations to specific defendants by describing their individual conduct in any alleged constitutional deprivation.

   He claims to have been deprived of "legal copies," to have had his confidential legal materials read by certain defendants while he was out of his cell, to have been verbally harassed, to have been subjected to a fear of losing his single-cell status, although that apparently

did not occur.

As in the original complaint, plaintiff's allegations continue to violate Rule 8. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry , 84 F.3d at 1179-80. As in its prior order, the court takes judicial notice that, of three prior federal cases which he identifies as having previously been brought in this court at the outset of the instant second amended complaint, in two of them plaintiff's complaints have been dismissed for having violated Fed. R.

Civ. P. 8. (Judicial notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert.</u> denied, 454 U.S. 1126 (1981)). In Case No. 03-0394 DFL PAN, plaintiff's action was dismissed "for plaintiff's repeated disobedience of an order to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure." <u>See</u> <u>Order</u>, filed on 8/13/04, p. 2. In Case No. 05-2520, plaintiff's original complaint was dismissed, with leave to amend, "[b]ecause plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2)...." <u>See</u> <u>Order</u>, filed on 2/27/06, p. 3. His amended complaint in that action was subsequently dismissed, with leave to file a second amended complaint, at least in part for his failure, once again, to provide "a short and plain statement of [his] claim" in compliance with Fed. R. Civ. P. 8. <u>See</u> <u>Order</u>, filed on 5/26/06, p. 3. Although that action now appears to be proceeding against a rather remarkable number of defendants-- 71-- (at least to the point of being served), in the instant action, the court simply does not find that further leave to amend will result in colorable allegations.

As noted previously, "some of plaintiff's claims in his long and rambling series of disjointed allegations may be cognizable under 42 U.S.C. § 1983, but it is not the function of this court to attempt to ferret them out from a complaint so plainly violative of Rule 8 of the Federal Rules of Civil Procedure on its face." <u>See</u> <u>Order</u>, filed on 6/23/06, p. 8. Plaintiff has previously been informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). He has been informed as to what must be set forth to state a claim of retaliation or a claim of conspiracy. He has been informed that verbal harassment alone is insufficient to state a claim of retaliation. <u>See</u> <u>Order</u>, filed on 6/23/06, pp. 8-9. These standards will not be repeated herein.

Plaintiff has had three opportunities to file colorable allegations and has not adequately availed himself of that opportunity. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is

8

not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  At this point, the court believes that granting further leave to amend would be futile.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed on July 13, 2006, is stricken;

2. Plaintiff is granted leave to file a second amended complaint, deemed filed, nunc pro tunc, on December 7, 2006;

IT IS RECOMMENDED that the second amended complaint, filed on December 7, 2006, be dismissed with prejudice, for plaintiff's repeated failure to comply with Fed. R. Civ. P. 8, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  5/11/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
knap0453.b2